UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS WILSON,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1194 (JRT/JGL)

ORDER

On May 15, 2000, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Faribault, Minnesota. It appears on the face of the petition, however, that Petitioner's judgment of conviction became final on or shortly after April 21, 1998, (when the Minnesota Court of Appeals affirmed his conviction on direct appeal), and that his present petition may be time-barred because it was not filed within one year thereafter, as required by 28 U.S.C. § 2244(d)(1)(A).[1] Therefore, the merits of the petition will not be addressed unless Petitioner is able to demonstrate that his petition is not time-barred.

Petitioner will be required to file a written response to this order, showing good cause, (if any exists), why the instant petition should not be summarily dismissed pursuant to § 2244(d). Any factual representations regarding the timing of relevant events (or other matters) shall be made under oath in a separate affidavit. Petitioner must file his response to this order by no later than June 21, 2000, failing which it will be recommended that his habeas corpus petition be dismissed with prejudice. If Petitioner does file a timely response, the parties shall thereafter await the further order

[1] It appears that the statute of limitations may have been "tolled" during the period of April 22, 1999, to August 9, 1999, when Petitioner's state post-conviction motion was pending in the state trial court. (See 28 U.S.C. § 2244(d)(2).) However, even when that tolling period is taken into account, it still has been more than a year since the conviction became final.

FILED JUN 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the Court.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

(1) On or before June 21, 2000, Petitioner shall file a written response to this order, supported by a separate affidavit setting forth any relevant factual matters, which shall show good cause why his current habeas corpus petition should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d);

(2) Petitioner shall serve a copy of his response upon the Minnesota Attorney General; and

(3) If Petitioner does not file the written response required by this order within the time allowed, it will be recommended that the petition be summarily dismissed with prejudice.

Dated: June 1, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge