**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**THOMAS WILSON**, Civil No. 00-1194 (JRT/JGL)

Petitioner,

v.

**REPORT AND RECOMMENDATION**

**STATE OF MINNESOTA**,

Respondent.

---

APPEARANCES

Petitioner Thomas Wilson, pro se

Darrell C. Hill, Esq., Assistant Ramsey County Attorney, for Respondent

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Thomas Wilson's Motion to accept petition (Doc. No. 2) and Respondent's Motion to Dismiss the Petition (Doc. No. 8). Petitioner, a State of Minnesota prisoner, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED FEB 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

On February 26, 1997, Petitioner Thomas Wilson was convicted of First and Second Degree Violations of Controlled Substance Law following a trial before the Honorable Edward S. Wilson. Petitioner is serving concurrent prison terms of 158 and 108 months respectively in the Faribault, Minnesota Correctional Facility. Petitioner appealed his conviction to the Minnesota Court of Appeals, which affirmed the conviction on April 21, 1998.

Petitioner failed to seek further review to the Minnesota Supreme Court. In a memorandum to this Court dated June 14, 2000, Petitioner avers that his failure to appeal was due to ineffective assistance of counsel. Petitioner claims that he retained private counsel, Mr. Clayton Robinson, to represent him at trial and every stage of appeal. Mr. Robinson, however, claims that Petitioner failed to retain him to seek review to the Minnesota Supreme Court, and in fact, Judge Wilson found that by failing to fulfill conditions set by Mr. Robinson, Petitioner did indeed fail to retain his attorney for further review.

On May 21, 1998, the thirty-day time period permitted to seek review expired. On April 22, 1999, Petitioner filed a pro se Petition for Post-Conviction Relief in state court. The Honorable Edward S. Wilson denied the petition in his Order of August 9, 1999.

Petitioner filed his current petition for writ of habeas corpus in

federal district court on May 15, 2000. Respondent opposes Petitioner Wilson's request on the grounds that the petition is time barred by the statute of limitations, pursuant to 28 U.S.C. § 2244(d). Respondent asks this Court to dismiss the petition.

## II. ANALYSIS

Habeas corpus is a federal remedy for a state prisoner's challenge to the legality of his or her detention. See Preiser v. Rodriguez, 411 U.S. 475, 485-86 (1973). The Anti-Terrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations on filing habeas corpus claims. See 28 U.S.C. § 2244(d). The limitations period runs from the date when the judgment became final or the expiration of the time for seeking direct review, whichever is latest. See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled throughout the time period during which a properly filed application for state post-conviction review is pending. See 28 U.S.C. § 2244(d)(2).

In the present case, the statute of limitations for federal habeas review began to run on May 22, 1998. The Minnesota Court of Appeals affirmed Petitioner's conviction on April 21, 1998, but Petitioner failed to seek review to the Minnesota Supreme Court within the thirty days permitted by Minn. R. Crim. P. 29.04, subd. 2. Thus, the decision became final on May 21, 1998 and the statue of limitations for federal habeas review began to run on the following day, May 22, 1998.

The statute of limitations was tolled eleven months later on April 22, 1999 when Petitioner filed his request for post-conviction relief. See 28 U.S.C. § 2244(d)(2). Judge Wilson denied relief on August 9, 1999, and his order became final sixty days after the period for seeking review ended. See Minn. R. Crim. P. 28.02, subd. 4(3). The statute of limitations began running again on October 9, 1999.

Thus, Petitioner had thirty days of the one-year statute of limitations remaining in which to file a petition for writ of habeas corpus. Petitioner, however, did not file his petition until May 15, 2000, over six months after the statute of limitations had run. As a result, his petition falls outside of the limitations period and is time-barred.

Because the one-year time limit is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply. See Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). Petitioner states that his failure to timely file a federal habeas petition was a result of his attorney's failure to seek review to the Minnesota Supreme Court.

The Court finds that equitable tolling is not appropriate in this case, since the situation here was not beyond Petitioner's control. Regardless

of whether Petitioner's attorney failed to seek review to the Minnesota Supreme Court, Petitioner continued with legal proceedings by filing a pro se petition for post-conviction relief. Petitioner provides no reason why he failed to petition for writ of habeas corpus after his pro se attempt for post conviction relief was denied. Further, the Eighth Circuit has deemed equitable tolling inappropriate in cases where unrepresented prisoners allege a lack of legal knowledge or legal resources. See Preston v. State of Iowa, 221 F.3d 1343, 1343 (8th Cir. 2000).

Petitioner Wilson has not demonstrated that his petition is not time-barred. Consequently, it is not necessary to address the merits of his petition. The petition for writ of habeas corpus should be denied and dismissed with prejudice.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

(1) Petitioner Thomas Wilson's Motion to accept the petition (Doc. No. 2) be **DENIED;**

(2) Respondent's motion to dismiss the petition with prejudice (Doc. No. 8) be **GRANTED**; and

(3) Petitioner Thomas Wilson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) be **DENIED** and that the matter be **DISMISSED WITH PREJUDICE**.

Dated: February 2, 2001.

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Feb. 21, 2001, with a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objection(s), and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.