**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

THOMAS WILSON, Civil No. 00-1194 (JRT/JGL)

Petitioner,

v. **ORDER**

STATE OF MINNESOTA,

Respondent.

---

Thomas Wilson, #112437, Minnesota Correctional Facility, 1101 Linden Lane, Faribault, MN, 55021-6400, petitioner *pro se*.

Darrell C. Hill, Assistant Ramsey County Attorney, OFFICE OF THE RAMSEY COUNTY ATTORNEY, 50 West Kellogg Boulevard, Suite 315, St. Paul, MN, 55102-1657, for respondent.

This matter is before the Court on petitioner's objection to the United States Magistrate Judge's Report and Recommendation dated February 2, 2001, recommending that petitioner's motion to accept his petition under 28 U.S.C. § 2254 be denied. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court finds that equitable tolling is appropriate in this case and accordingly grants petitioner's motion to accept his § 2254 petition.

MAR 3 0 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

**ANALYSIS**

It is clear that petitioner failed to timely file his § 2254 petition within the one-year limitations period. *See* 28 U.S.C. § 2244(d). Thus, the sole issue is whether equitable tolling applies in this case. *See Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir. 1999) (equitable tolling may apply because the one-year limit is a limitations rather than a jurisdictional bar). Equitable tolling is appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Paige v. United States,* 171 F.3d 559, 561 (8th Cir. 1999); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999); *United States v. Cicero,* 214 F.3d 199, 203 (D.C. Cir. 2000).

In his Report and Recommendation, the Magistrate Judge rejected petitioner's claim that equitable tolling should apply because his then attorney failed to seek review before the Minnesota Supreme Court. The Magistrate Judge concluded that the attorney's failure to apply for discretionary review on direct appeal was irrelevant to petitioner's ability to timely file his *pro se* federal habeas petition following denial of post-conviction relief. The Court agrees that equitable tolling is inappropriate on this basis.

The Magistrate Judge also stated that "[p]etitioner provides no reason why he failed to petition for writ of habeas corpus after his pro se attempt for post-conviction relief was denied." In his objection to the Report and Recommendation, petitioner explains that he missed the deadline because he never received the state court's August 9,

1999 ruling denying his petition for post-conviction relief until after the time for filing a timely petition in federal court had expired.[1]

Petitioner submits a series of letters exchanged between petitioner and Chief Ramsey County District Court Judge Lawrence Cohen in February 2000 which demonstrate that petitioner believed his petition for post-conviction relief was still outstanding. In a letter dated February 7, 2000, petitioner states that "[t]he post-conviction court is just sitting on my case, presumably taking the respondent's side in my case that I can just take the unexhausted issues over into the Federal Courts . . . ." Judge Cohen responded to petitioner's letter on February 10, 2000, informing petitioner that he would not take any further action because petitioner "ha[d] already brought [his] concerns before the appropriate authority by first seeking review with the Minnesota Court of Appeals, and later petitioning Judge Wilson for post-conviction relief."

Petitioner's February 21, 2000 letter responding to Judge Cohen's February 10th correspondence clearly reveals that petitioner was unaware that Judge Wilson had denied his petition for post-conviction relief on August 9, 1999:

> You are correct that I filed a direct Appeal with the Minnesota Court of Appeals, and later petitioned Judge Wilson for post-conviction relief. **The reason I wrote you was to have a ruling handed down in my case. Judge Wilson never made a post-conviction ruling. My case simply**

[1] Although the record contains some suggestion that a delay might have occurred, the objection to the Report and Recommendation is the first pleading in which petitioner fully explains and documents the events that transpired between the state court's post-conviction ruling and petitioner's filing of his § 2254 petition. No response has been filed to petitioner's objection, thus, the Court accepts petitioner's version of the facts.

> **languishes in limbo. If you would please check the docket in my case you will find that no ruling has been made.**

(Emphasis added.) Petitioner states that he received the August 9, 1999 ruling after he sent the second letter to Judge Cohen. The record contains an undated letter from the Clerk of Court, enclosing a copy of Judge Wilson's ruling and apologizing for the delay in delivering the information to petitioner and any misunderstanding it might have caused. (Docket No. 2, Exhibit B).[2]

Courts have recognized that equitable tolling may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. K.W. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999); *Calderon v. United States District Court (Beeler),* 128 F.3d 1283, 1288-89 (9th Cir. 1997). That standard accurately describes the circumstances here. Both the timing and substance of the above-mentioned correspondence indicates that some inadvertent error in the state court clerk's office accounts for petitioner's delay in filing his § 2254 petition. Additionally,

---

[2] The letter provides, in its entirety:

> The order to deny post conviction relief was handed down by Judge Wilson on 8/9/99, as recorded on the computer filing system. I have enclosed the computer record for your examination. I have also enclosed a copy of the signed Order from Judge Wilson denying the request for post conviction relief in its entirety. I hope this letter answers your original question as to what has happened and apologize for the delay in delivering this information to you and any misunderstanding it has caused. If you have any further questions regarding this matter, feel free to contact our office.

In his motion to accept his petition, petitioner explains that he received this letter and the August 9, 1999 ruling shortly after the exchange of letters between himself and Judge Cohen occurred in February 2000.

petitioner made affirmative and repeated efforts to inquire into the status of his post-conviction state court petition. *Compare United States v. Cicero,* 214 F.3d 199, 203 (D.C. Cir. 2000) (stating that "the court will not relieve a petitioner who has sat upon his rights"); *Preston v. State,* 221 F.3d 1343 (8th Cir. 2000) (unpublished opinion) (equitable tolling inappropriate where petitioner made vague and unsupported allegation that his state post-conviction counsel failed to send him the transcripts from that proceeding and petitioner did not appear to have made any attempt to obtain transcript or pursue his rights).[3]

Thus, although equitable tolling under the Anti-terrorism and Effective Death Penalty Act is applied only sparingly, *see Cicero,* 214 F.3d at 203; *Miles,* 187 F.3d at 1007, the Court believes that application of the doctrine is appropriate under the particular facts and circumstances of this case. Accordingly, the Court grants petitioner's motion to accept his § 2254 petition as timely and remands the case for further consideration of petitioner's petition.

[3] Petitioner also exercised reasonable diligence in preparing and submitting his § 2254 petition after receiving notice and a copy of the August 9, 1999 state post-conviction ruling in and around the middle to late February 2000. Petitioner acted within the three-month time period he originally had to file a timely petition. *See* Report and Recommendation at 4 (explaining that petitioner had 30 days remaining on his one-year statute of limitations to file his petition after his state court conviction ruling became final on October 9, 1999).

**ORDER**

Based upon the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **SUSTAINS** petitioner's objection [Docket No. 12] and **REJECTS** the Report and Recommendation of the Magistrate Judge [Docket No. 11]. **IT IS HEREBY ORDERED** that:

1. Petitioner's motion to accept his petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 2] is **GRANTED**;

2. Respondent's motion to dismiss the petition with prejudice [Docket No. 8] is **DENIED**; and

3. This case is **REMANDED** to the Magistrate Judge for further proceedings.

DATED: March 30, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge