UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

THOMAS WILSON,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1194 (JRT/JGL)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY HABEAS CORPUS SHOULD NOT BE GRANTED**

Petitioner having filed an application for writ of habeas corpus which challenges his Ramsey County conviction of April 8, 1997, and alleges violations of his rights under the United States Constitution;

**IT IS HEREBY ORDERED** that respondent shall file a response to petitioner's application within thirty (30) days of the date of this Order.[1] Such response shall address the merits of petitioner's claims in light of relevant decisions of the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit. The response shall include copies of all written materials from prior state court proceedings that are relevant to the issues raised in the petition. Respondent shall also state its position on the issue of whether each of Petitioner's present constitutional claims has been fairly presented to, and decided on the merits by, the highest available

[1] Respondent previously filed a motion to dismiss the Petitioner's habeas corpus application on the grounds that it was time-barred pursuant to 28 U.S.C. § 2244(d). That motion was denied by the District Court Judge to whom this case has been assigned. (Docket No. 14.) Therefore, Respondent will now be required to file a complete response to the petition, raising all available defenses.

FILED JUN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Minnesota state court, and, if not, whether (a) any claims that have not been fairly presented could still be raised and adjudicated in the state courts, and (b) Petitioner can meet the "cause and prejudice" or "actual innocence" exceptions that would allow the Court to consider the merits of any defaulted claims, (see Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The response shall also indicate whether Respondent believes that any of Petitioner's claims are affected by the principles discussed in Stone v. Powell, 428 U.S. 465 (1976).

Dated: June 19, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge