**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

THOMAS WILSON,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 00-1194 (JRT/JGL)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Thomas Wilson, #112437, Minnesota Correctional Facility, 1101 Linden Lane, Faribault, MN 55021, petitioner *pro se*.

Darrel C. Hill, Assistant Ramsey County Attorney, OFFICE OF THE RAMSEY COUNTY ATTORNEY, 315 Ramsey County Government Center – West, 50 West Kellogg Boulevard, St. Paul, MN 55102, for respondent.

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Jonathan Lebedoff dated February 12, 2002. The Magistrate Judge recommended that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. This Court has conducted a *de novo* review under 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and denies petitioner's application.

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

## BACKGROUND

On November 11, 1995, a St. Paul police officer stopped a vehicle driven by petitioner. The officer searched the vehicle with petitioner's consent, and found evidence suggesting that petitioner might be a drug dealer. Petitioner was taken to police headquarters, where a strip search revealed cocaine hidden in petitioner's underwear. Petitioner was given the *Miranda* warnings and asked to give a tape-recorded interview. Petitioner refused to answer questions on tape, so no interview was conducted at that time. The next morning a different officer interviewed petitioner. The officer reminded petitioner that his *Miranda* rights were still in effect, but did not repeat the full *Miranda* warning. The officer then interviewed petitioner and the conversation was tape-recorded without petitioner's knowledge. In this interview, petitioner admitted that he had possessed cocaine and had intended to sell it. Police later obtained a warrant to search petitioner's residence and found more than 150 grams of cocaine in the home.

Petitioner was charged with possession of cocaine and possession with the intent to sell. Petitioner brought several pre-trial motions to suppress the evidence obtained in the tape-recorded interview and in the searches of his vehicle and home. These motions were denied, and petitioner was tried before a judge, who found him guilty of both offenses.

Petitioner appealed directly to the Minnesota Court of Appeals, reasserting the arguments raised in his suppression motions. He also asserted that there was insufficient evidence to support his conviction for possession of the cocaine found in his home. On April 21, 1998, the Court of Appeals affirmed the convictions. No appeal to the

Minnesota Supreme Court was filed. More than one year after the Minnesota Court of Appeals affirmed petitioner's convictions, petitioner filed a motion for post-conviction relief in the trial court, reasserting the same arguments he previously raised in the suppression motions. In addition, he asserted that the trial judge committed a sentencing error, and that he received ineffective assistance of counsel both at trial and on appeal. The trial court denied petitioner's motion.

On May 15, 2000, petitioner filed the present federal habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition raises the following claims: 1) that the police violated his constitutional rights by stopping his vehicle without probable cause; 2) that the police violated his constitutional rights by searching his vehicle without valid consent; 3) that the police violated his constitutional rights when he was taken into custody and searched at the police station; 4) that his statements to police in the tape-recorded interview should not have been admitted into evidence because he was not re-advised of his *Miranda* rights and because the statements were involuntary; 5) that police violated his constitutional rights by searching his home with an invalid search warrant; and 6) that there was insufficient evidence to support his conviction for possession of the cocaine found in his home. In a Report and Recommendation dated February 12, 2002, the Magistrate Judge rejected all six claims.

## ANALYSIS

### I. Fourth Amendment Claims

Petitioner first objects to the Magistrate Judge's determination that his Fourth Amendment claims are barred by *Stone v. Powell*, 428 U.S. 465 (1976). In that case, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482. The Eighth Circuit uses a two-part test to determine if a full and fair opportunity to litigate a claim has been provided. *See Willett v. Lockhart*, 37 F.3d 1265 (8th Cir. 1994). Under this test, a Fourth Amendment habeas corpus claim is barred by *Stone v. Powell* unless: 1) "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim" or 2) "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Id.* at 1273.

The Magistrate Judge found that not only did Minnesota provide a procedure for petitioner to raise his Fourth Amendment claims, but that petitioner actually raised and fully litigated those claims in both the trial court and the state court of appeals. The Magistrate Judge also found that the failure to file in the Minnesota Supreme Court was not an "unconscionable breakdown in the system."

Petitioner argues that he was denied a full and fair hearing because the Minnesota Supreme Court did not hear his case.[1] Petitioner claims that this was his former attorney's responsibility. The Court finds petitioner's objections in this regard to be without merit.

First, the Court rejects petitioner's request for an evidentiary hearing to determine whether his attorney was retained to seek review in the Minnesota Supreme Court. As the Magistrate Judge noted, the state court expressly found that petitioner's lawyer was not retained to seek review in the Minnesota Supreme Court. *Wilson v. State of Minnesota*, File No. K6-95-3906, K3-95-3913, slip. op. at 2 (Aug. 9, 1999) (finding that counsel was not retained to seek review to the Supreme Court because "petitioner failed to fulfill necessary conditions prior to representation that were conveyed to him by counsel."). The Magistrate Judge correctly stated that this factual determination by the state court must be presumed correct, and petitioner has presented no evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).[2] Therefore, petitioner is not entitled to an

[1] Petitioner also seems to argue that the doctrine of equitable tolling allows him to bring his Fourth Amendment claims. (*See* Pet. Obj. to Rep. & Rec. at 2.) In support, petitioner quotes portions of this Court's order accepting his untimely habeas corpus application. *See Wilson v. State of Minnesota*, Civ. No. 00-1194, slip. op. at 5 (D. Minn. Mar. 30, 2001). The question in that order was whether circumstances beyond petitioner's control prevented him from timely filing for habeas corpus relief. *Id.* The Court determined that equitable tolling was appropriate in that situation, because petitioner did not receive notice of the state court's ruling on his motion for post-conviction relief until after the deadline for filing a habeas petition had passed. *Id.* There is no question of timeliness in the present matter. Even if there was such a question, the doctrine of equitable tolling does not allow petitioner to bring claims otherwise barred by *Stone v. Powell*. The Court therefore finds that the doctrine of equitable tolling is inapplicable here.

[2] § 2254(e) provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and that petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statute further

(Footnote continued on next page.)

evidentiary hearing on the question of whether his lawyer was retained to seek review with the Minnesota Supreme Court.

Second, petitioner has no statutory or constitutional right to review in the Minnesota Supreme Court. As the Magistrate Judge noted, Supreme Court review in Minnesota is purely discretionary. *See* Minn. R. Crim. P. 29.02, subd. 2. *See also Ross v. Moffitt*, 417 U.S. 600, 611 (1974) (holding that states are not constitutionally required to provide appeals). Thus, as the Magistrate Judge observed, even if petitioner or his lawyer had filed a petition for review with the Supreme Court, there is no guarantee that the court would have actually reviewed petitioner's claims on the merits. Accordingly, the failure of petitioner's case to be heard by the state Supreme Court cannot be considered "a breakdown in the system," and it does not mean that he was denied a full and fair hearing.

---

(Footnote continued.)
provides that a federal district court "shall not hold an evidentiary hearing on the claim unless the applicant shows that:

> (A) the claim relies on —
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Because petitioner has not shown that he was denied a full and fair opportunity to litigate his Fourth Amendment claims in State court, the Court finds that those claims are barred pursuant to *Stone v. Powell.*

## II. *Miranda* Claim

Petitioner also objects to the Magistrate Judge's finding that he is not entitled to habeas corpus relief based on his *Miranda* claims. Petitioner maintains that his tape-recorded statements to police should have been suppressed because he had not been fully reminded of his *Miranda* rights, and because he did not know that he was being recorded.

The Court's power to grant habeas corpus relief to state prisoners is governed by the Antiterrorism and Effective Death Penalty Act of 1996. That statute provides that the Court may not grant a writ of habeas corpus to a state prisoner on any issue that was adjudicated on the merits in state court unless the state adjudication:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner argues that the State court decision was contrary to federal law because the police returned after he invoked his *Miranda* right to silence and interrogated him. This argument is without merit. Petitioner misapplies the law, confusing invocation of *Miranda* rights with invocation of the Sixth Amendment right to counsel. Petitioner correctly notes that once a suspect has invoked **the right to counsel** during custodial

interrogation, "he is not to be subjected to further interrogation until counsel has been made available to him, unless the accused himself initiates further communications with police." *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). In the present case, however, there is no evidence that petitioner invoked his right to counsel. Moreover, the police did not violate petitioner's constitutional right to be silent by interrogating him the morning after he refused to talk. As the Ramsey County court found, petitioner's decision to talk to the police after being advised of his *Miranda* rights was an intelligent, knowing, and voluntary waiver of his right to remain silent.[3] *State of Minnesota v. Wilson*, No. K6-95-3906, slip op. at 6 (July 12, 1996). *See also Edwards*, 451 U.S. at 484; *North Carolina v. Butler*, 441 U.S. 369 (1979) (holding that a defendant may validly waive his rights and respond to interrogation). The Court finds no evidence that petitioner did not understand the *Miranda* warnings or was coerced into making his statements to the police, and concludes that the waiver is no less effective because approximately eleven hours elapsed since the initial reading of the *Miranda* rights. *See United States v. Boyd*, 180 F.3d 967, 977 (8th Cir. 1999) (holding that a time interval alone between assertion of *Miranda* rights and subsequent waiver is not necessarily sufficient to render subsequent statements inadmissible); *United States v. Cajas-Maldonado*, 13 Fed. Appx. 469, 476 (8th Cir. 2001) (declining to suppress statements made to law enforcement officer who reminded

---

[3] Petitioner's claim for relief based on the fact that he did not know he was being tape recorded can be dismissed on this point. As the Magistrate Judge noted, the critical issue is "not whether petitioner . . . knew his statement was being recorded; instead, the issue [is] whether, given the totality of the circumstances, petitioner made his statement voluntarily, *i.e.*, with knowledge of his rights." (Rep. & Rec. at 11.) Therefore, even if petitioner was being secretly recorded, his statements would still be admissible as long as he knew of his *Miranda* rights and voluntarily waived them.

defendant that his *Miranda* warnings still applied but who did not administer new warnings, where there was no evidence that defendant did not understand the warnings). The Magistrate Judge correctly determined that petitioner has not shown that the Minnesota state courts decided his *Miranda* claim in a manner that was contrary to or involved an unreasonable application of federal law, or that involved an unreasonable determination of the facts. *See* 28 U.S.C. §2254(d). Therefore, the Court will deny petitioner's request for habeas corpus relief on his *Miranda* claim.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections to the Report and Recommendation [Docket No. 21] and **ADOPTS** the Report and Recommendation of the Magistrate judge [Docket No. 20]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

2. For purposes of appeal, the Court does not certify the issues raised in petitioner's motion, as petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as is required under the appeal statute for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 26, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge